IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
CIVIL DIVISION

| | |
|---|---|
| PEARL DURHAM<br>1409 7th Street, NW<br>Apt. 309<br>Washington, DC 20001<br><br>Plaintiff,<br><br>v.<br><br>MGM NATIONAL HARBOR, LLC<br>3905 Las Vegas Boulevard South<br>Las Vegas, MD 89119<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No: CAL20-10201<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Pearl Durham (hereafter, "Plaintiff"), by and through her attorney, Bryson Stephen, and files her first amended complaint against the Defendant, MGM National Harbor, LLC (hereafter, "Defendant") on the grounds as stated as follows:

### PARTIES

1. Plaintiff is an individual who resides at the above captioned address.

2. Defendant is a corporation doing business in the State of Maryland with a principle office located at 3905 Las Vegas Boulevard South, Las Vegas, NV 89119.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to § 1-501 of the Courts and Judicial Proceedings Article of the Maryland Code.

4. This Court has personal jurisdiction over Defendant pursuant § 6-103(b) (1-3) of the Courts and Judicial Proceedings Article of the Maryland Code in that Defendant

transacts business in the State of Maryland, contracts to supply goods, food, services, or manufactured products in the State of Maryland, and/or caused tortious injury by an act or omission in the State of Maryland.

5. This Court is the proper venue for this matter pursuant to §6-201(a) and § 6-202(8) of the Courts and Judicial Proceedings Article of the Maryland Code in that Defendant carries on a regular business in Prince George's County, Maryland and the cause of action arose in Prince George's County, Maryland.

## STATEMENT OF FACTS

6. On or about April 3, 2017, Plaintiff was walking in the bathroom in MGM National Harbor in Prince George's County, Maryland (hereinafter, "the Premises").

7. At all times relevant to this Complaint, Defendant owned, operated, and/or was responsible for the maintenance and/or management of the Premises where the Plaintiff was walking.

8. At approximately 2:30 p.m. on or about April 3, 2017, Plaintiff slipped and fell on a puddle of water on the floor of the bathroom in the Premises.

9. At ~~all material~~ the times, the Defendant knew or should have known that the puddle constituted a dangerous condition and failed to remedy it or warn persons lawfully upon the premises such as Plaintiff of said condition.

10. The incident referenced herein was caused by the violations of law and negligence of Defendant. Defendant's negligence included, but ~~was~~ not limited to, ~~failing~~ failure to properly maintain the area where Plaintiff fell and injured her knee and ~~failing~~ failure to properly inspect the Premises, ~~failing~~ failure to warn of dangerous condition, ~~failing~~ failure to remedy a dangerous condition, and ~~failing~~ failure to exercise ordinary and

reasonable care under the circumstances. ~~In violation of such duty, Defendant caused the incident as set forth herein.~~

11.   As a direct and proximate result of the incident, Plaintiff suffered bodily injuries that have caused, and will continue to cause, physical and mental pain and suffering for the rest of her life. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and related expenses, including lost wages and property damage.

12.   ~~Plaintiff has complied with all conditions precedent in the filing of this complaint.~~ As a result of Defendant's negligence, Plaintiff suffered injuries to her Knee which caused her knee to give out on her while walking on the premises of MCI center in Washington, D.C., on August 17, 2017, causing her to fall a second time.

13.   As a result of this second fall, Plaintiff fractured her right elbow and wrist trying to break her fall. Plaintiff's finger is now disfigured, and she is unable to hold anything with her right hand. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and related expenses, including lost wages.

14.   Plaintiff has complied with all the conditions precedent in the filing of this complaint.

## CLAIM FOR RELIEF NEGLIGENCE OF DEFENDANT

15.   Plaintiff restates and realleges each and every allegation set forth above as if fully set forth herein.

16.   At all times mentioned herein, Defendant had a duty to keep the Premises reasonably safe and to avoid inuring persons lawfully upon the Premises. Defendant's negligence included, but was not limited to, failing to properly maintain the area where Plaintiff was injured, failing to properly inspect the Premises, failing to warn of a

dangerous condition, failing to remedy a dangerous condition, and failing to exercise ordinary and reasonable care under the circumstances. In violation of such duty, Defendant caused the incident as set forth herein.

17. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages as set forth above.

18. The above injuries and damages were caused solely and proximately by Defendant, without any contributory negligence on the part of Plaintiff.

## PRAYER

~~WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial but believed to exceed seventy-five thousand dollars ($75,000.00) plus compensatory damages, plus costs of suit, pre and post judgment interest and such other and further relief as this Court deems just and proper.~~

**WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the amount of ONE MILLION DALLARS AND ZERO CENTS ($1,000,000.00) in compensatory damages, plus costs of suit, pre and post judgment interest and such other and further relief as this Court deems just and proper.**

## JURY DEMAND

Plaintiff, by and through the undersigned counsel and pursuant to Md. Rule § 2-325, hereby demands jury trial on her cause of action.

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
CIVIL DIVISION

PEARL DURHAM )
1409 7th Street, NW )
Apt. 309 )
Washington, DC 20001 )
 )
    Plaintiff, )
 )
    v. )   Case No: CAL20-10201
 )
MGM NATIONAL HARBOR, LLC )
3905 Las Vegas Boulevard South )
Las Vegas, MD 89119 )
 )
    Defendant. )

## RULE 1-313 CERTIFICATION

Pursuant to Rule 1-313, Bryson Stephen, counsel to Plaintiff, hereby states that he is licensed to practice law in the state of Maryland.

                              Respectfully Submitted

                         /s/
                       Bryson Stephen, Esq.
                       CPF: 1906190098
                       Law Office of Chidinma Iwuji
                       419 7th Street, NW, Suite 405
                       Washington, D.C. 20004
                       Cell: 740-228-1145
                       Email: stephenbattorney@outlook.com
                       *Counsel for Plaintiff*