IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PEARL DURHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-21-1247 |
| MGM NATIONAL HARBOR, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Summary Judgment ("Motion") (ECF No. 47) filed by Defendant MGM National Harbor, LLC ("MGM").[1] Having considered the submissions of the parties (ECF Nos. 47, 48 & 51), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.    Background**

Plaintiff Pearl Durham ("Ms. Durham") filed this lawsuit against MGM to recover for injuries she sustained as a result of MGM's alleged negligence. *See* ECF No. 4. In Ms. Durham's operative pleading, the "Amended Complaint" filed at ECF No. 4, she alleges that she was a patron of the MGM National Harbor in Prince George's County, Maryland on April 3, 2017. *Id.* at 2. On that date, she slipped and fell in the bathroom of a casino on the premises, which is owned and operated by MGM. *Id.* She suffered injuries to her left knee. About four months later, on August 16, 2017, Ms. Durham alleges that she fell in the vicinity of Gallery Place in Washington, D.C.,

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 23.

and suffered injuries. She alleges that MGM's negligence related to the April 3, 2017 fall proximately caused her injuries on August 16, 2017. *Id.*

MGM timely removed the case to this Court under 28 U.S.C. §§ 1332 and 1441. ECF No. 1. The Court entered a scheduling order on August 18, 2021, and discovery went on for more than one year, through October 6, 2022. ECF Nos. 24 & 35. MGM now moves for summary judgment and its Motion is fully briefed and ripe for decision.

## II.   Discussion

### A.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting

and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**B.     Factual Background**

Unless otherwise indicated, the following facts are not in dispute. To the extent that any facts are in dispute, they will be viewed in the light most favorable to Ms. Durham, the non-moving party. *Scott*, 550 U.S. at 380 ("At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.").

**1.     April 3, 2017 – Ms. Durham falls at MGM**

On April 3, 2017, Ms. Durham and her friend were patrons at the MGM Casino. While at the casino, Ms. Durham played the slot machines. Sometime during her visit, Ms. Durham needed to use the restroom. When she entered the restroom, Ms. Durham did not see any indication that the restroom was being cleaned or that the floor might be wet or slippery. ECF No. 47-3 at 12. But when she opened the door of the restroom stall to exit, Ms. Durham saw a worker with a mop and bucket filled with water immediately outside the stall. *Id.* at 10-12. She observed that the worker "was trying to mop the floor." *Id.* at 11. Ms. Durham came out of the stall, having been "taught to take care of [her]self and look both ways or look to make sure that [she was] going to be safe," but became startled and "went down." *Id.* at 11-12. Ms. Durham was injured and sought treatment for her injuries.

**2.     August 16, 2017 – Ms. Durham falls at Gallery Place**

On August 16, 2017, Ms. Durham fell down while walking on 7th St. NW in Washington, D.C. She does not recall exactly where she fell but it was around Gallery Place. Ms. Durham was injured and sought treatment for her injuries.

### C. Negligence

Ms. Durham claims that MGM was negligent in relation to her April 3 injury by failing to properly maintain its premises, failing to warn her of a dangerous condition, failing to properly inspect its premises, failing to remedy a dangerous condition, and failing to exercise ordinary and reasonable care. ECF No. 4 at 2-3. She also claims that MGM is liable for the injuries that she suffered on August 17, alleging that the injury she suffered on April 3 caused her to fall this second time. *Id.* at 3.

In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006); *see also Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560 (D. Md. 2014). In a claim involving premises liability, the status of the person injured on the property at the time of the incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee. *See, e.g.*, *Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Ms. Durham was an invitee on the premises. The duty of a landowner to a business invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

4

Under Maryland law, "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231-32 (1965). Accordingly, the "duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997). But "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). The invitee "has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee." *Rybas*, 21 F. Supp. 3d at 562. "Accordingly, the owner or occupier of land has no duty to warn of an open, obvious and present danger." *Id*. "The burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted). A business proprietor may be deemed to have constructive notice of a dangerous condition "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 120 (1955). "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence

would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593.

In its Motion, MGM argues that it is entitled to summary judgment for two reasons: (1) Ms. Durham cannot establish the existence of any dangerous condition on MGM's premises that caused her injuries; and (2) even if a dangerous condition existed, it was necessarily open and obvious.[2] ECF No. 47-1 at 16-19.

### 1. Dangerous Condition

MGM does not dispute that it owed a duty to Ms. Durham on April 3, 2017, the date when she fell in the restroom of the casino. But MGM insists that there is no evidence that any dangerous condition caused Ms. Durham to fall. To prevail on her negligence claim, Ms. Durham must present evidence to support her claim that a dangerous condition existed on MGM's premises and that this condition was a cause of her injuries. *See McCrae v. Shoppers Food Warehouse Corp.*, No. BPG-11-1368, 2012 WL 2512774, at *3 (D. Md. June 27, 2012), *aff'd*, 504 F. App'x 240 (4th Cir. 2013). During her deposition, Ms. Durham testified that she did not remember whether she "actually saw liquid on the floor" during the April 3 incident. ECF No. 47-3 at 65. The only other evidence that a dangerous condition existed during the April 3 incident comes from her responses to MGM's interrogatories. *See* ECF No. 47-5 at 6. In response to Interrogatory No. 8, Ms. Durham stated that after she came out of the bathroom stall, "there was a puddle of water in front of the door of the stall I came out from." *Id.* She stated that this "puddle was from the lady's cleaning bucket," and that it caused her to fall. *Id.* Yet in response to Interrogatory No. 15, Ms. Durham

---

[2] MGM raises other arguments regarding Ms. Durham's damages in its Motion. Because the Court will award summary judgment to MGM on the issue of liability, the Court is not required to address the damages arguments.

stated that she did not know that the bathroom floor was wet when she exited the stall "because there was no sign indicating that it was wet." *Id.* at 8.

Ms. Durham's deposition testimony conflicts with her interrogatory responses. Although there are practical reasons to credit a party's deposition testimony over their written discovery responses, it is not the Court's function to weigh the evidence at summary judgment. Viewing the evidence in the light most favorable to Ms. Durham, a jury could conclude that she has presented evidence of a dangerous condition (that is, the wet floor) that caused her April 3 injuries. *See, e.g.*, *Myers v. TGI Friday's, Inc.*, No. JFM-07-333, 2007 WL 4097498, at *6 (D. Md. Nov. 9, 2007) ("viewing the facts in the light most favorable to plaintiff, I will assume that a [slippery floor] did exist as plaintiff alleges").

### 2. Open and Obvious Risk

MGM argues that even if the Court finds that a dangerous condition existed on April 3, Ms. Durham cannot show that the dangerous condition was not "open and obvious." "[T]he owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger." *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998) (internal quotation marks omitted) (citing *Tennant v. Shoppers Food Warehouse*, 115 Md. App. 381 (1997) and *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)); *see also Coleman v. United States*, 369 F. App'x 459, 462 (4th Cir. 2010) (explaining that "it is well established under Maryland Law that an invitee who is harmed by an open and obvious condition is ordinarily not entitled to any recovery for his injuries"). "An 'open and obvious condition' is where the condition and risk are apparent to and would be recognized by a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Coleman*, 369 F. App'x at 462 (citing 65A C.J.S. Negligence § 639 (West 2009)). "Whether a defect is open and obvious

is typically a question reserved for the factfinder." *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 540 (D. Md. 2018) (citing *C & M Builders, LLC v. Strub*, 420 Md. 268 (2011)). But "where it is clear that any [reasonable] person [in plaintiff's position] must have understood the danger, the issue may be decided by the court." *C & M Builders,* 420 Md. at 299 (citing Prosser and Keeton on Torts, § 68 (5th ed. 1984)). Maryland's appellate courts have not addressed whether standing water on a floor "is, as a matter of law, an open and obvious danger." *Fortini v. Advance Stores Co.*, No. PWG-12-0309, 2012 WL 6563235, at *2 (D. Md. Dec. 13, 2012).

Under the circumstances of this case, the wet floor in front of the bathroom stall where Ms. Durham fell was an open and obvious hazard. Ms. Durham testified that before she fell, she saw a worker with a mop and bucket mopping the floor with water. Still, she stepped onto the wet floor—in the same area where the worker was positioned—and slipped. Ms. Durham makes much of MGM's failure to post a "caution: wet floor" sign while the worker was mopping, but it is unclear what more information a sign would have conveyed. The uncontroverted evidence shows that Ms. Durham saw the worker mopping the floor in front of her but still stepped onto the wet area and fell. Even viewing the evidence in the light most favorable to Ms. Durham, a reasonable jury could only conclude that the wet floor in front of the bathroom stall next to the worker with the bucket and mop was an open and obvious hazard. *Compare Admassu v. Speedway LLC*, No. 1:21-CV-00581, 2022 WL 200970, at *2 (E.D. Va. Jan. 20, 2022); *Al-Taie v. Seven C's Bldg. Maint., Inc.*, No. TJS-20-0298, 2021 WL 4312783, at *4 (D. Md. Aug. 25, 2021), *aff'd*, No. 21-2034, 2023 WL 4118013 (4th Cir. June 22, 2023); and, *Evola v. Henry Ford Macomb Hosp.*, No. 19-13537, 2020 WL 6822825, at *3 (E.D. Mich. Nov. 20, 2020), *aff'd*, No. 20-2241, 2021 WL 4622397 (6th Cir. Oct. 7, 2021); *with Underdown v. Speedway, LLC*, No. 5:17-CV-03505-JFA, 2019 WL 8014433, at *2 (D.S.C. Sept. 3, 2019) (denying summary judgment because "Plaintiff testified that he never

saw a person mopping the floor prior to the fall, he never saw any wet floor signs, and the Plaintiff only discovered the wet floor when he fell."). *See generally Newcomb v. Food Lion*, 94 F.3d 642 (Table), 1996 WL 469902, at *2 (4th Cir. Aug.20, 1996) (unpublished) (holding, under Virginia law, that "it is reasonable to hold that [a] plaintiff should have been on the look out for a wet floor immediately inside the front of the store when it had been raining all day," as "[p]atrons in a store are not allowed to be oblivious to the state of their environment.").

Because the wet floor in the bathroom was an open and obvious hazard, MGM cannot be held liable for Ms. Durham's injuries on April 3, 2017. Further, because there is no basis to impose liability on MGM for Ms. Durham's April 3 injuries, there is no basis to hold MGM liable for the injuries that she sustained on August 16, 2017, while walking on Seventh Street NW in Washington, D.C. And because there is no basis to hold MGM liable for Ms. Durham's injuries, the Court declines to address MGM's arguments concerning damages.

### III.   Conclusion

For these reasons, MGM's Motion for Summary Judgment is **GRANTED**. By separate Order, judgment will be entered in favor of MGM.[3]

Date:  July 31, 2023

                                                    /s/
Timothy J. Sullivan
United States Magistrate Judge

---

[3] After the Motion for Summary Judgment was fully briefed, but before the Court entered its ruling, Ms. Durham's lawyers withdrew from the case. *See* ECF Nos. 53 & 54. On July 26, 2023, Ms. Durham filed a motion seeking the appointment of counsel. ECF No. 56. Because this Memorandum Opinion will dispose of this case, there is no reason to appoint counsel for Ms. Durham. Her motion to appoint counsel (ECF No. 56) will thus be denied.